```
                    UNITED STATES DISTRICT COURT
                         DISTRICT OF NEVADA
                           RENO, NEVADA
```

| | | |
|---|---|---|
| ZURICH AMERICAN INSURANCE COMPANY, | ) | 3:09-cv-00433-ECR-WGC |
|  | ) |  |
| Plaintiff, | ) | MINUTES OF THE COURT |
|  | ) |  |
| vs. | ) | DATE: September 9, 2011 |
|  | ) |  |
| SILVER SAGE INSURANCE BROKERS, LTD., a Nevada corporation, JOHN STOKER, individually, and as President of Silver Sage Insurance Brokers, Ltd., and JOAN PAGE, individually, | ) ) ) ) ) |  |
|  | ) |  |
| Defendants. | ) |  |

PRESENT:      EDWARD C. REED, JR.                           U. S. DISTRICT JUDGE

Deputy Clerk:     COLLEEN LARSEN          Reporter:      NONE APPEARING

Counsel for Plaintiff(s)                      NONE APPEARING

Counsel for Defendant(s)                      NONE APPEARING

MINUTE ORDER IN CHAMBERS

    On December 23, 2010, the Court entered an Order (#35) granting summary judgment in favor of Plaintiff on Plaintiff's fourth, fifth, seventh, and eighth causes of action. The Court noted at that time that final judgment would not be entered until all claims as to all parties had been disposed of.

    On August 3, 2011, Plaintiff filed a Motion to Request Entry of Judgment Pursuant to the Granting of Plaintiff's Motion for Summary Judgment and for Certification Pursuant to FRCP 54(b) (#43). On August 31, 2011, the Plaintiff and Defendants Silver Sage Insurance Brokers, Ltd. and John Stoker filed a Stipulation and Order to Dismiss Additional Causes of Action (#44), agreeing to dismiss without prejudice Plaintiff's first, second, third, sixth, ninth, tenth, eleventh, and twelfth causes of action. The Stipulation (#44) also states that "Defendants hereby waive any potential statute of limitations and/or estoppels, laches, waiver, or similar defenses related to bringing the above claims at a later date." The dismissal of those claims disposes of the remaining claims in the case.

Default (#23) was entered against Defendant Joan Page on December 18, 2009.  Plaintiff has not made a motion for entry of default judgment against Defendant Joan Page.  We note that the above stipulation regarding Defendants' waiver of potential defenses may not apply to Defendant Page, who has not appeared in the action.  Plaintiff has no remaining claims against Defendant Page, and therefore Defendant Page shall be dismissed from the action.

While a suggestion of bankruptcy was not filed with regards to Defendant John Stoker, the parties filed a Notice of Entry of Stipulation and Order (#37) on April 7, 2011.  The Notice (#37) states that on March 2, 2011, the United States Bankruptcy Court "entered a Stipulation and Order terminating the automatic stay of §362(d) so that Zurich American Insurance Company may proceed against any available insurance policies which may apply to any liability John Stoker may have to Zurich."  The Stipulation and Order of the Bankruptcy Court, attached as Exhibit A to the Notice (#37), further provides that "[t]o the extent required under applicable direct action rules, Stoker may be named as a nominal defendant only in any such action but in no event may judgment be entered against Stoker."

Plaintiff, in its Motion to Request Entry of Judgment (#43), requests that we enter judgment and certification pursuant to Federal Rule of Civil Procedure 54(b).  Federal Rule of Civil Procedure 54(b) provides that "[w]hen an action presents more than one claim for relief — whether as a claim, counterclaim, crossclaim, or third-party claim — or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."

**IT IS, THEREFORE, HEREBY ORDERED** that Plaintiff's Motion to Request Entry of Judgment (#43) is **GRANTED IN PART AND DENIED IN PART**: judgment is entered against Defendant Silver Sage Insurance Brokers, Ltd., and in favor of Plaintiff, in the amount of $133,542.80 plus pre-judgment interest. The Clerk shall enter judgment accordingly.

Judgment will not be entered at this time against Defendant John Stoker due to bankruptcy.

**IT IS FURTHER ORDERED** that Defendant Joan Page is dismissed from the action.


/     /     /

/     /     /

/     /     /

**IT IS FURTHER ORDERED** that the status conference set for **September 26, 2011** is **VACATED.**

                                          LANCE S. WILSON, CLERK

                                          By _____/s/_____
                                                      Deputy Clerk