1

2

3

4          **UNITED STATES DISTRICT COURT**
           **DISTRICT OF NEVADA**
5

6

7  ZURICH AMERICAN INSURANCE COMPANY, )     3:09-cv-00433-ECR-WGC
                                      )
8            Plaintiff,               )
                                      )
9  vs.                                )      <u>Order</u>
                                      )
10 SILVER SAGE INSURANCE BROKERS,     )
   LTD., a Nevada corporation, JOHN   )
11 STOKER, individually, and as       )
   President of Silver Sage Insurance )
12 Brokers, Ltd., and JOAN PAGE,      )
   individually,                      )
13                                    )
             Defendants.              )
14 _____ )

15

16      On October 22, 2010, Plaintiff filed a motion for summary

17 judgment (#33) against Defendants Silver Sage Insurance Brokers,

18 Ltd. ("Silver Sage") and John Stoker.  Despite prompting and

19 additional time granted by the Court, Defendants Silver Sage and

20 John Stoker failed to respond to the motion for summary judgment

21 (#33).  On December 23, 2010, the Court granted summary judgment on

22 the fourth, fifth, seventh, and eighth causes of action in favor of

23 Plaintiff.

24      On September 9, 2011, judgment was entered against Silver Sage

25 in the amount of $133,542.80 plus pre-judgment interest.  Judgment

26 was not entered against John Stoker due to bankruptcy.

27      On September 23, 2011, Plaintiff filed a motion for attorney's

28 fees (#50).  Plaintiff requests attorney's fees against Defendant

1  Silver Sage due to Silver Sage's unreasonableness in forcing

2  Plaintiff to initiate suit and to pursue it through judgment,

3  despite having no meritorious defense.  For example, Plaintiff

4  points to depositions of persons most knowledgeable at Silver Sage

5  in which Silver Sage admits that Plaintiff paid certain amounts that

6  were obligations of Defendants.  Despite these admissions, Plaintiff

7  states that Silver Sage refused to pay the amounts due or to

8  participate in any meaningful way in the lawsuit.  Plaintiff filed a

9  motion for summary judgment (#33) which was unopposed by Defendants,

10  and eventually stipulated to dismiss the remaining claims against

11  Silver Sage in order to obtain final judgment against it.  Silver

12  Sage has also failed to oppose the motion for attorney's fees (#50)

13  in a timely manner.

14       In Hall v. Cole, the Supreme Court stated that:

15       [A]lthough the traditional American rule ordinarily
         disfavors the allowance of attorneys fees in the absence
16       of statutory or contractual authorization, federal
         courts, in the exercise of their equitable powers, may
17       award attorneys fees when the interests of justice so
         require. Indeed the power to award such fees is part of
18       the authority of the chancellor to do equity in a
         particular situation, and federal courts do not hesitate
19       to exercise this inherent equitable power whenever
         overriding considerations indicate the need for such a
20       recovery.

21  Hall v. Cole, 412 U.S. 1, 4-5 (1973) (internal citations omitted)).

22  In Hall, the Supreme Court stated that attorney's fees may be

23  awarded to a successful party when an opponent has acted "in bad

24  faith, vexatiously, wantonly, or for oppressive reasons."  Id. at 5

25  (citation omitted).

26       In addition, this is a diversity case brought under Nevada law,

27  and statutes allowing attorney's fees are substantive for Erie

28                                    2

1 purposes and will apply in diversity cases unless they conflict with

2 a federal statute or procedural rule.  Walsh v. Kelly, 203 F.R.D.

3 597, 598 (D. Nev. 2001).  Under Nev. Rev. Stat. § 18.010, a court

4 may allow attorney's fees if it finds that a defense of the opposing

5 party was brought or maintained without reasonable ground or to

6 harass the prevailing party.  Section 18.010 further provides that a

7 court should liberally construe this paragraph in favor of awarding

8 attorney's fees in all appropriate situations.

9      In this case, Defendants Silver Sage and John Stoker were

10 served and appeared, and also participated in various stipulations.

11 Both Silver Sage and Stoker gave depositions, and are represented by

12 an attorney.  Despite this, Defendants did not respond or oppose to

13 the motion for summary judgment or the motion for attorney's fees.

14 Stipulations were entered into after the motion for summary judgment

15 was filed, but despite their presence and participation in various

16 stipulations, defendants simply did not respond to any substantive

17 motions. Therefore, we agree with Plaintiff that Defendants' actions

18 in refusing to pay the amounts due while admitting fault, and

19 refusing to participate in this action while essentially driving

20 Plaintiff to file and litigate it, constitute maintaining a defense

21 without reasonable ground.

22      Plaintiff seeks $66,433.50 in attorney's fees.  Local Rule 54-

23 16 provides that a court may consider factors such as (a) results

24 obtained and the amounts involved; (b) the time and labor required;

25 © the novelty and difficulty of the questions involved; (d) the

26 skill requisite; etc.  Plaintiff provides an itemization and

27 description of the work performed and fees incurred in the action,

28                                      3

1  as well as a brief summary of the information required in Local Rule

2  54-16. Plaintiff states that about three hundred and fourteen hours

3  were spent commencing litigation, obtaining summary judgment, and

4  attempting to collect on the debt. No opposition was timely filed,

5  and Plaintiff's exhibits and affidavits support Plaintiff's request

6  for fees.  In light of the time expended and after consideration of

7  the other factors in Local Rule 54-16, we find that the attorney's

8  fees requested herein are reasonable.

9       **IT IS, THEREFORE, HEREBY ORDERED** that the motion for attorney's

10 fees (#50) is **GRANTED** in the requested amount of $66,433.50.

11

12

13 DATED: August 8, 2012.

14

15                              UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28

4