**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY, ) | 3:09-cv-00433-ECR-WGC |
| Plaintiff, ) | |
| vs. ) | <u>Order</u> |
| SILVER SAGE INSURANCE BROKERS, ) LTD., a Nevada corporation, JOHN ) STOKER, individually, and as ) President of Silver Sage Insurance ) Brokers, Ltd., and JOAN PAGE, ) individually, ) | |
| Defendants. ) | |

On October 22, 2010, Plaintiff filed a motion for summary judgment (#33) against Defendants Silver Sage Insurance Brokers, Ltd. ("Silver Sage") and John Stoker. Despite prompting and additional time granted by the Court, Defendants Silver Sage and John Stoker failed to respond to the motion for summary judgment (#33). On December 23, 2010, the Court granted summary judgment on the fourth, fifth, seventh, and eighth causes of action in favor of Plaintiff.

On September 9, 2011, judgment was entered against Silver Sage in the amount of $133,542.80 plus pre-judgment interest. Judgment was not entered against John Stoker due to bankruptcy.

On September 23, 2011, Plaintiff filed a motion for attorney's fees (#50). Plaintiff requests attorney's fees against Defendant

Silver Sage due to Silver Sage's unreasonableness in forcing Plaintiff to initiate suit and to pursue it through judgment, despite having no meritorious defense.  For example, Plaintiff points to depositions of persons most knowledgeable at Silver Sage in which Silver Sage admits that Plaintiff paid certain amounts that were obligations of Defendants.  Despite these admissions, Plaintiff states that Silver Sage refused to pay the amounts due or to participate in any meaningful way in the lawsuit.  Plaintiff filed a motion for summary judgment (#33) which was unopposed by Defendants, and eventually stipulated to dismiss the remaining claims against Silver Sage in order to obtain final judgment against it.  Silver Sage has also failed to oppose the motion for attorney's fees (#50) in a timely manner.

In Hall v. Cole, the Supreme Court stated that:

> [A]lthough the traditional American rule ordinarily disfavors the allowance of attorneys fees in the absence of statutory or contractual authorization, federal courts, in the exercise of their equitable powers, may award attorneys fees when the interests of justice so require. Indeed the power to award such fees is part of the authority of the chancellor to do equity in a particular situation, and federal courts do not hesitate to exercise this inherent equitable power whenever overriding considerations indicate the need for such a recovery.

Hall v. Cole, 412 U.S. 1, 4-5 (1973) (internal citations omitted)). In Hall, the Supreme Court stated that attorney's fees may be awarded to a successful party when an opponent has acted "in bad faith, vexatiously, wantonly, or for oppressive reasons."  Id. at 5 (citation omitted).

In addition, this is a diversity case brought under Nevada law, and statutes allowing attorney's fees are substantive for Erie

2

purposes and will apply in diversity cases unless they conflict with a federal statute or procedural rule. <u>Walsh v. Kelly</u>, 203 F.R.D. 597, 598 (D. Nev. 2001). Under Nev. Rev. Stat. § 18.010, a court may allow attorney's fees if it finds that a defense of the opposing party was brought or maintained without reasonable ground or to harass the prevailing party. Section 18.010 further provides that a court should liberally construe this paragraph in favor of awarding attorney's fees in all appropriate situations.

In this case, Defendants Silver Sage and John Stoker were served and appeared, and also participated in various stipulations. Both Silver Sage and Stoker gave depositions, and are represented by an attorney. Despite this, Defendants did not respond or oppose to the motion for summary judgment or the motion for attorney's fees. Stipulations were entered into after the motion for summary judgment was filed, but despite their presence and participation in various stipulations, defendants simply did not respond to any substantive motions. Therefore, we agree with Plaintiff that Defendants' actions in refusing to pay the amounts due while admitting fault, and refusing to participate in this action while essentially driving Plaintiff to file and litigate it, constitute maintaining a defense without reasonable ground.

Plaintiff seeks $66,433.50 in attorney's fees. Local Rule 54-16 provides that a court may consider factors such as (a) results obtained and the amounts involved; (b) the time and labor required; © the novelty and difficulty of the questions involved; (d) the skill requisite; etc. Plaintiff provides an itemization and description of the work performed and fees incurred in the action,

3

as well as a brief summary of the information required in Local Rule 54-16. Plaintiff states that about three hundred and fourteen hours were spent commencing litigation, obtaining summary judgment, and attempting to collect on the debt. No opposition was timely filed, and Plaintiff's exhibits and affidavits support Plaintiff's request for fees.  In light of the time expended and after consideration of the other factors in Local Rule 54-16, we find that the attorney's fees requested herein are reasonable.

**IT IS, THEREFORE, HEREBY ORDERED** that the motion for attorney's fees (#50) is **GRANTED** in the requested amount of $66,433.50.

DATED: August 8, 2012.

_Edward C. Reed._
UNITED STATES DISTRICT JUDGE

4